**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 05 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMINA IBARRA-CASTANEDA; VALERIA RODRIGUEZ-IBARRA; MANUEL D. RODRIGUEZ-IBARRA; OSVALDO M. RODRIGUEZ-IBARRA,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.    16-73296<br><br>Agency Nos.    A205-666-473<br>A205-666-474<br>A205-666-475<br>A205-666-230<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2019
San Francisco, California

Before:  SCHROEDER, O'SCANNLAIN, and RAWLINSON, Circuit Judges.

Guillermina Ibarra-Castaneda (Ibarra) and her children[1] petition for review

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1]      The children's claims are derivative of Ibarra's, and the success of their claims depends on the success of her claims.

of the dismissal by the Board of Immigration Appeals (the Board) of her asylum claim.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and review the Board's factual findings for substantial evidence. *See Lai v. Holder*, 773 F.3d 966, 970 (2014), *as amended*. To reverse the Board, "we must determine that the evidence not only *supports* a contrary conclusion, but *compels* it." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (citation and alteration omitted) (emphases in the original).

"To establish asylum eligibility, an applicant must show that [s]he is unable or unwilling to return to [her] country of nationality because of [past] persecution or a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (citations and internal quotation marks omitted).

**1.** Substantial evidence supports the Board's denial of asylum based on past persecution. To prove past persecution, a petitioner must establish that: "(1) [her] treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."

*Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc).

Ibarra's claim failed on the third prong. Although there was testimony that individual police officers were involved in actions directed toward harming Ibarra's brothers, the evidence was not sufficient to compel a finding of government involvement. Nor did the evidence compel a finding that the government was unwilling or unable to control nongovernmental forces. Police arrested the killer of Ibarra's brother, and took reports documenting many of Ibarra's complaints. Any purported failure to investigate was due to Ibarra's and her family's inability to provide detailed information. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (holding that petitioner failed to establish government inability or unwillingness to control nongovernmental forces where petitioner admitted that he failed to provide identifying and specific information to the police).

**2.** Substantial evidence also supports the Board's conclusion that Ibarra lacked an objective, well-founded fear of future persecution. "To demonstrate a well-founded fear of future persecution, the alien must establish that her fear is both subjectively genuine and objectively reasonable." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (citation omitted). "The objective component is more demanding and 'requires credible, direct, and specific evidence,' that the

petitioner faces an individualized risk of persecution or that there is a pattern or practice of persecution against similarly situated individuals." *Id.* at 1178-79 (citations omitted).

As Ibarra alleged only one threat directed against her communicated through a third party, the record does not compel a finding that Ibarra made an adequate showing of a specific, individualized risk. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (explaining that unfulfilled threats generally "constitute harassment rather than persecution").

Nor did Ibarra establish a pattern or practice against similarly situated individuals, especially when her family members continue to live in the country without incident. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006), *as amended* ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident.") (citation and alteration omitted).

**3.** We lack jurisdiction to hear Ibarra's withholding of removal claim, because Ibarra failed to present this issue to the Board. *See Olivas-Motta v. Whitaker*, 910 F.3d 1271, 1279-80 (9th Cir. 2018). No remand is required to address the effect of our recent decision in *Barajas-Romero v. Lynch*, 846 F.3d 351

4

(9th Cir. 2017), because that decision merely reiterated the longstanding withholding of removal standard. *See id.* at 358.

**DISMISSED IN PART and DENIED IN PART.**